UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:25-cv-22498-BB**

SYDNEY GABRIELLE MARTIN,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., A
LIBERIAN CORPORATION, a Foreign
Profit Corporation,

    Defendant.

_____/

### PLAINTIFF'S SECOND AMENDED MOTION TO STRIKE DEFENDANTS' FIRST, SIXTH, TENTH, TWELFTH AND THIRTEENTH AFFIRMATIVE DEFENSES

**COMES NOW** the Plaintiff, SYDNEY GABRIELLE MARTIN, by and through her undersigned counsel, hereby files this Second Amended Motion to Strike Defendants, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, a Foreign Profit Corporation, Tenth nd Twelvth Affirmative Defenses stated by this Defendant sets forth as follows:

1.    Any matter constituting an avoidance of liability must be pled as an affirmative defense. Rule 1.110(d), Florida Rules of Civil Procedure.

2.    An affirmative defense must be pled with specificity setting forth the facts in such a manner as to reasonably inform the Plaintiff of what is proposed to be proved in order to provide the Plaintiff with a fair opportunity to meet and prepare evidence to counter the affirmative defense. Zito v. Washington Federal Savings & Loan Association of Miami Beach, 318 So. 2d. 175 (Fla. 3rd DCA 1975).

1

3. Certainty is required when pleading defenses and pleading conclusions of law unsupported by allegations of ultimate fact are legally insufficient. <u>Bliss v. Carmona</u>, 418 So. 2d. 1017 (Fla. 3rd DCA 1982); <u>Cady v. Chevy Chase Savings & Loan, Inc.</u>, 528 So.2d.136 (Fla. 4th DCA 1988).

4. Defendants' **FIRST** Affirmative Defense alleges that, "Plaintiff's own negligence was the sole proximate cause of her injuries and damages, and as such any damages are barred as a matter of law. Alternatively, Plaintiff's own negligence contributed to the subject incident and his injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence."

5. The plaintiff's negligence is a defense that the defendant must plead specifically and affirmatively. *Clement v. Rousselle Corp.*, 372 So. 2d 1156 (Fla. 1st DCA 1979).

6. Defendants have failed to provide "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla. R. Civ. P. 1.110.

7. Defendants' **SIXTH** Affirmative Defense alleges that, "RCL alleges that the alleged negligent and dangerous conditions (i.e. the danger associated with voluntarily participating in a game of Dodgeball) that Plaintiff contends caused her alleged injuries were open and obvious. Therefore Plaintiff is not entitled to any recovery."

8. Any assumption of risk in admiralty, "whatever its scope must be applied in conjunction with the established admiralty doctrine of comparative negligence." <u>Edward Leasing Corp. v. Uhlig & Assocs., Inc</u>., 785 F.2d 877 (11th Cir. 1986). Under admiralty comparative negligence doctrine, "contributory negligence, however gross, is not a bar to recovery but only mitigates damages." <u>Id.</u> (quoted in <u>Gozleveli v. Kohnke</u>, No. 12-61458-CV-Scola, 2015 U.S. Dist. LEXIS 82670 (S.D. Fla. June 25, 2015).

9.     Defendant misstates the law when they allege that Plaintiff is not entitled to any recovery for assuming the risk associated with participating in a game of dodgeball. Following the well-established holdings in Edward Leasing Corp. v. Uhlig & Assocs., Inc., 785 F.2d 877 (11th Cir. 1986) and Gozleveli v. Kohnke, No. 12-61458-CV-Scola, 2015 U.S. Dist. LEXIS 82670 (S.D. Fla. June 25, 2015) Plaintiff is entitled to recovery even if it is found that Plaintiff voluntarily assumed the danger of voluntarily participating in a dodgeball game.

10.    Defendants' **TENTH** Affirmative Defense alleges that, "Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening, independent, superseding and/or unforeseeable causes for which Defendant had no duty to protect Plaintiff from."

11.    Defendants have failed to provide the good cause necessary to leave out the identities of said third parties.  Fla. Stat. § 768.81(3) (2009) ("[i]n order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, *absent a showing of good cause*, identify the nonparty, if known, or describe the non-party as specifically as practicable, either by motion or in the initial responsive pleading when defenses are first presented….") (emphasis added).

12.    Insofar as Defendants' affirmative defenses are also an attempt to allege a *Fabre* defense, that attempt must also fail.  Defendant neither identified the non-party tortfeasor(s) nor plead their negligence.

13.    To avail itself of a *Fabre* defense a Defendant "must plead as an affirmative defense the negligence of the non-party and *specifically identify the non-party*." Nash v. Wells Fargo Guard Servs., Inc., 678 So.2d 1262, 1264 (Fla. 1996) (emphasis added).

14. Defendants' **TWELFTH** Affirmative Defense alleges that, "Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it."

15. Defendant has alleged comparative negligence on the part of the Plaintiff. The Supreme Court, in Kendrick v. Ed's Beach Service, Inc., 577 So. 2d. 936 (Fla. 1991), distinguished the law with respect to cases involving implied assumption of risk and an express assumption of risk. Those cases where implied assumption of risk was inherent in the activity is controlled by comparative negligence principles. Implied assumption of risk may not be asserted as a ordinary defense to break the chain of legal causation. The Court further went on to indicate that express assumption of risk was a proper defense only in actions involving participants in contact sports. See also, Black Burn v. Dorta, 348 So.2nd 287 (Fla. 1977, Mazzeo v. City of Sabastian, 550 So.2nd 1113 (Fla. 1989), and Petruzzella v. Church on The Rock of Palm Coast, Inc., 42 Fla. L. Weekly D 1141 (5th DCA 2017).

16. The facts of this case do not fall within the parameters set by the Supreme Court of the State of Florida and, therefore, the defense of assumption of risk is improperly pled and should be stricken from the Defendant's Affirmative defenses.

17. Defendants' **THIRTEENTH** Affirmative Defense alleges that, "RCL alleges that the alleged negligent and dangerous conditions (i.e. the danger associated with voluntarily ice skating) that Plaintiff contends caused her alleged injuries were open and obvious. Therefore, Plaintiff is not entitled to any recovery."

18. Plaintiff does not contend that they were injured ice skating or even allege that they ever ice skated during the cruise.

4

19.     Federal Rule of Civil Procedure 12(f) permits the Court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. USCS Fed Rules Civ Proc R 12.

20.     Defendant's thirteenth affirmative defense is both immaterial and impertinent and therefore should be stricken pursuant to USCS Fed Rules Civ Proc R 12.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court to strike Defendants, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, a Foreign Profit Corporation, First, Sixth, Tenth, Twelfth and Thirteenth Affirmative Defense in their Answer to the Complaint.

## CERTIFICATE OF CONFERRAL PURSUANT TO S.D. FLA. R. 7.1(A)(2)

*I certify that prior to filing this motion, I discussed the relief requested in this motion on July 15, 2025, by telephone conference with the opposing party's counsel, Brian Probst, Esq., and the opposing party agrees to striking the first, sixth, twelfth and thirteenth affirmative defenses and respectfully disagrees to striking the tenth affirmative defense. Defendant agrees to withdraw their Thirteenth Affirmative Defense.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served and E-filed to Bryan Probst, Esq. and Paul J. Hehir, Esq. (bprobst@rccl.com; phehir@rccl.com; dmontalvan@rccl.com) Royal Caribbean Cruises, Ltd. 1050 Caribbean Way, Miami, FL 33132 (Counsel for Defendant) on this 16th day of July 2025.

GOLDLAW, P.A.
*Attorney for Plaintiff*
1641 Worthington Road, Suite 300
West Palm Beach, FL 33409
(561) 697-4440

By: /s/ Rafael Roca
RAFAEL J. ROCA, ESQ., B.C.S.
FL Bar No.: 744050
martinsydney12254992@goldlaw.filevineapp.com
Attorney's Email: rroca@goldlaw.com
Paralegal's Email: adavila@goldlaw.com
Secretary's Email: nguerrero@goldlaw.com