**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-22498-BLOOM/Elfenbein

SYDNEY GABRIELLE MARTIN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff's Second Amended Motion to Strike Defendants' First, Sixth, Tenth, Twelfth and Thirteenth Affirmative Defenses ("Motion"), ECF No. [15], filed on July 17, 2025. Defendant did not file a Response. The parties are in agreement with respect to Defendant's First, Sixth, Twelfth, and Thirteenth Affirmative Defenses. Therefore, the Court will adopt the parties' agreement and address the merits of Defendant's Tenth Affirmative Defense.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). However, "striking a defense from a pleading is a drastic remedy generally disfavored by courts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (citing *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011)). Therefore, "a

Case No. 25-cv-22498-BLOOM/Elfenbein

motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Id.* (citing *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 15-cv-1745, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015)).

Defendant's Tenth Affirmative Defense "alleges that the incident and injuries alleged in the Complaint were the result of intervening, independent, superseding and/or unforeseeable causes for which Defendant had no duty to protect Plaintiff from." ECF No. [6] at 4. Plaintiff argues that Defendant has "failed to provide the good cause necessary to leave out the identities of said third parties" as required by Fla. Stat. § 768.81(3)(a)1. ECF No. [15] at 3. However, Section 768.81(3)(a)1 applies when a defendant intends to "allocate any or all fault to a nonparty." Fla. Stat. § 768.81(3)(a)1. By contrast, Defendant's Tenth Affirmative Defense is a superseding cause defense, which applies "where the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable." *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837 (1996) (quoting 1 T. Schoenbaum, Admiralty and Maritime Law § 5–3, pp. 165-166 (2d ed. 1994)). A superseding cause defense, "if successful, completely exculpates the defendant of any liability in the matter." *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020). This Court has previously found that the language used in Defendant's Tenth Affirmative Defense "makes clear that Defendant intends to raise issues regarding either comparative fault or superseding causes." *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020) (denying motion to strike an identically-worded affirmative defense). Therefore, Plaintiff has provided no basis upon which the Court should strike Defendant's Tenth Affirmative Defense.

Case No. 25-cv-22498-BLOOM/Elfenbein

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Second Amended Motion to Strike Defendants' First, Sixth, Tenth, Twelfth and Thirteenth Affirmative Defenses, **ECF No. [15],** is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is **GRANTED** with respect to Defendant's First, Sixth and Twelfth Affirmative Defenses. Defendants' First, Sixth and Twelfth Affirmative Defenses are **STRICKEN.**

3. Defendant will have twenty (20) days from the date of this Order to file a more definitive statement with regards to its Twelfth Affirmative Defense.

4. Defendant withdraws its Thirteenth Affirmative Defense. Defendant's Thirteenth Affirmative Defense is **STRICKEN**.

5. The Motion is **DENIED** with respect to Defendant's Tenth Affirmative Defense.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 8, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record