**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-22498-BLOOM/Elfenbein

SYDNEY GABRIELLE MARTIN,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

      Defendant.

_____/

**<u>OMNIBUS ORDER</u>**

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike Plaintiff's Untimely Expert Disclosure, ("Motion to Strike"), ECF No. [32], and Plaintiff's Motion to Extend the Deadline to Disclose Experts ("Motion to Extend"), ECF No. [33]. Plaintiff filed a Response to the Motion to Strike, ECF No. [35], to which Defendant filed a Reply, ECF No. [38]. Regarding the Motion to Extend, Defendant filed a Response, ECF No. [36]. The Court has carefully considered the Motions, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion to Extend is granted, and Defendant's Motion to Strike is granted in part and denied in part.

## I.     BACKGROUND

This case arises from a slip and fall incident aboard Defendant's cruise ship. On July 7, 2025, the Court entered its Scheduling Order, ECF No. [9], informing the parties of a discovery deadline of March 3, 2026. On February 9, 2026, the parties filed a Joint Motion to Extend Deadline for Disclosure of Experts and Discovery ("Joint Motion"), requesting an extension of

time to disclose expert witnesses and their reports to the discovery deadline date of March 3, 2026. *See* ECF No. [27]. The parties stated such an extension was necessary because there was difficulty scheduling the depositions of the crew members due to their work schedules, and multiple depositions were not yet scheduled. *Id.* The parties noted that these depositions are necessary to complete factual discovery, and without these depositions, expert witnesses would be forced to render opinions based on an incomplete factual record. *Id.* Finding good cause, the Court granted the motion and entered an Amended Scheduling Order, extending the discovery deadline by six weeks. *See* ECF No. [30]. Under the Amended Scheduling Order, the deadline to disclose expert witnesses was March 17, 2026, the deadline to exchange rebuttal expert witness summaries or reports was March 31, 2026, and the discovery deadline was April 15, 2026. *Id.* On April 14, 2026, the Court granted the parties' Joint Motion to Extend Certain Pretrial Deadlines, and the discovery deadline is now May 8, 2026, and the dispositive motions deadline is May 22, 2026. *See* ECF No. [40].

Plaintiff untimely disclosed her expert witness on March 30, 2026. *See* ECF No. [32]. On March 31, 2026, Defendant filed its Motion to Strike. *Id.* On April 2, 2026, Plaintiff filed her Motion to Extend the Deadline to Disclose Expert Witnesses to accept her untimely disclosure. *See* ECF No. [33].

## II.    LEGAL STANDARD

### A.  Modifying Scheduling Orders

Federal Rule of Civil Procedure 16 instructs that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*,

285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

### B. Late Disclosure of Experts and Expert Reports

Federal Rule of Civil Procedure 26 requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony. *See* Fed. R. Civ. P. 26(a)(2). Expert disclosures must be made at the times and in the sequence that the court orders. *See* Fed. R. Civ. P. 26(a)(2)(D). If a party violates Rule 26(a), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). In making this determination, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citations omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06cv496-WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL

3764126, at *2 (S.D. Fla. July 30, 2014) (noting that a court has "great discretion in deciding whether to impose such a sanction" for failure to comply with expert witness disclosure requirements). Indeed, "[c]ourts have broad discretion to exclude untimely expert testimony[.]" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

### III.   DISCUSSION

On March 31, 2026, Defendant filed its Motion to Strike, arguing that striking Plaintiff's expert witness is an appropriate remedy for Plaintiff's unjustified delayed disclosure. *See* ECF No. [32]. Defendant points out that Plaintiff did not confer with counsel regarding additional time needed to disclose experts nor did Plaintiff seek leave of the Court to serve the disclosure after the deadline passed. *Id.* Defendant asserts it is prejudiced by the late disclosure as it had only one day to attempt to prepare a rebuttal report, has limited time to conduct further discovery, and any extension of the deadline would interfere with other pretrial deadlines. *Id.* Defendant requests that Plaintiff's expert witness be stricken, but, if the Court accepts Plaintiff's expert witness disclosure, that the Court extend the deadlines to complete discovery and file dispositive motions. *Id.*

Plaintiff responds by referring to the arguments made in support of her Motion to Extend and further argues that her delayed expert disclosure was substantially justified because multiple key depositions had not yet been completed and were scheduled to occur after the expert disclosure deadline. *See* ECF Nos. [33], [35]. She argues that Defendant "cannot demonstrate any meaningful prejudice, as it still has ample opportunity to conduct expert discovery and prepare any necessary rebuttal." *Id.* She continues that any prejudice by the two-week delay "can be readily cured by a modest extension of expert-related deadlines, which Plaintiff has already requested." *Id.* Plaintiff contends she will instead be prejudiced by striking the expert because it would "effectively prevent

Plaintiff from presenting critical expert testimony necessary to prove her claims" and would be "disproportionate to the minimal delay at issue." *Id.*[1]

Plaintiff's Motion to Extend asks the Court to extend the expert-related discovery deadlines to permit the Court to accept her expert witness disclosure and to allow Defendant a full and fair opportunity to conduct expert discovery. *See* ECF No. [33]. Defendant responds that Platiniff "ignores that the late disclosure has unfairly prevented [Defendant] from providing any form of rebuttal expert or expert report[.]" ECF No. [36]. Defendant further argues that Plaintiff knew that the depositions would not occur in time for the March 17, 2026, expert disclosure deadline and failed to seek an extension. *Id.*

The Court considers the Rule 37 factors to determine whether striking Plaintiff's expert witness is appropriate. First, Plaintiff's expert witness is likely important as he is offered as an expert on standard operational procedures in response to similar incidents on cruises and speaks directly to Defendant's liability. *See* ECF No. [32-1]. Second, Plaintiff justifies her untimely disclosure due to the outstanding depositions of critical fact witnesses. Curiously, Plaintiff fails to explain why she could not disclose her expert witness by March 17 but was able to disclose her expert witness on March 30, when the depositions of fact witnesses still remain outstanding. Third, Defendant is prejudiced if Plaintiff's expert witness is allowed to testify because Defendant had no meaningful opportunity to review and prepare a rebuttal report when Plaintiff's expert

---

[1] Plaintiff argues that "[e]xcluding Plaintiff's expert would elevate procedural technicalities over the merits of the case and would undermine the fair resolution of this action." *See* ECF No. [35]. Ensuring the parties adhere to court-ordered discovery deadlines is not, as Plaintiff asserts, a "procedural technicalit[y]." Rather, "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise[.]" *W. Union Holdings, Inc. v. E. Union, Inc.*, 316 F. App'x 850, 854 (11th Cir. 2008) (citation omitted). Moreover, the "purpose of Rule 26(a)(2) is to provide notice to opposing counsel — before the deposition — as to what the expert witness will testify" so as to "minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7507848, at *4 (S.D. Fla. Aug. 1, 2016) (citations omitted).

disclosure was made one day before the deadline for rebuttal witness reports. Fourth, however, a brief continuance will cure any prejudice to Defendant by allowing Defendant time to review and prepare an expert rebuttal report before the close of discovery and ahead of trial.

Upon consideration of the Rule 37(c) factors, the Court concludes that striking Plaintiff's expert is not warranted because the prejudice to Defendant can be cured by a continuance of the deadline to exchange rebuttal expert reports. If Plaintiff's expert is not stricken, both parties agree that the expert-related deadlines should be extended. *See* ECF Nos. [32], [33]. Accordingly, the Court grants Plaintiff's Motion to Extend to accept her delayed expert disclosure. To cure the resulting prejudice to Defendant, the Court extends the deadline to exchange rebuttal expert witness reports.

## IV.     CONCLUSION

For the forgoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Extend, **ECF No. [33]**, is **GRANTED.**

2. Defendant's Motion to Strike, **ECF No. [32]**, is **GRANTED in part and DENIED in part.**

3. The parties shall exchange rebuttal expert witness summaries or reports on or before **May 1, 2026.**

4. All other deadlines remain in place.

Case No. 25-cv-22498-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 20, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record