**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-22498-BLOOM/Elfenbein

**SYDNEY GABRIELLE MARTIN**,

Plaintiff,

v.

**ROYAL CARIBBEAN CRUISES, LTD.**,

Defendant.
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff Sydney Gabrielle Martin's ("Plaintiff") Motion For Leave to Take the Trial Depositions of Willie Martin and Rachelle Bowens to Perpetuate Testimony for Use at Trial (the "Motion"), ECF No. [86]. Defendant Royal Caribbean Cruises, Ltd. ("Defendant") filed a Response in Opposition (the "Response"), ECF No. [88], and Plaintiff subsequently filed a Reply Memorandum (the "Reply"), ECF No. [90]. The Honorable Beth Bloom referred the Motion to the undersigned "for disposition." ECF No. [92]. Having reviewed the briefing, record in this case, and the relevant law, the Motion, **ECF No. [86]**, is **DENIED**.

## I. BACKGROUND

This case is a personal injury action stemming from an alleged incident that occurred on Defendant's ship Allure of the Seas. *See* ECF No. [1] at ¶¶5, 11-16. Around June 9, 2024, Plaintiff was playing in a dodgeball game when another passenger's beaded bracelet broke, the beads scattered on the ground, and Plaintiff allegedly fell sustaining injuries and incurred medical treatment costs of approximately $152,763.11. *See id.* at ¶¶9-12. Plaintiff filed the instant action

on June 2, 2025 alleging that Defendant's negligence "directly and proximately" resulted in her injuries. *See* ECF No. [1] at ¶22. The Court entered its Scheduling Order on July 7, 2025, *see* ECF No. [9], and most relevantly, the Parties moved to extend the discovery deadline four times. *See* ECF Nos. [27], [39], [42], and [52].[1] Discovery in this case finally closed on July 14, 2026, after the Court extended it four times. *See* ECF Nos. [30], [40], [43], and [53]. Trial is set to begin on November 16, 2026. *See* ECF No. [84].

In the Motion, Plaintiff seeks leave to take videotaped trial depositions of her parents, Willie Martin ("Martin") and Rachelle Bowens ("Bowens" and collectively the "Witnesses"), who were eyewitnesses to the alleged accident and use their testimony at trial under Federal Rules of Civil Procedure 16, 30, and 32(a)(4). *See* ECF No. [86] at 1. In doing so, Plaintiff attempts to move the discovery deadline for the fifth time after discovery in this matter has long closed. She filed the Motion, approximately thirty-eight (38) days before trial and seventeen (17) days before deposition designations were due. *See id*. She presents three main arguments in support. First, she asserts that the Court has broad discretion under Eleventh Circuit precedent to allow a deposition to be taken for use at trial and asks the Court to find good cause to modify the scheduling order under Rule 16 for the limited purposes of taking these two "trial depositions" since the Eleventh Circuit treats those and discovery depositions as the same. *See id*. at 3. Plaintiff argues that good cause exists because Defendant has already deposed the Witnesses; she does not aim to learn new information; and she seeks to record their known testimony in a "format suited for the jury." *See id*. at 3. Plaintiff contends the depositions will not disturb the trial calendar because she made her request weeks before trial and the deposition designations deadline, and Defendant will face no surprise because it already deposed the witnesses and will have an opportunity to cross

[1] The Court notes that Plaintiff moved to extend the discovery deadline in the motion at ECF No. [52] and Defendant did not oppose the extension. *See* ECF No. [52].

examine them. *See id*. According to Plaintiff, her request is timely, "targeted, and imposes minimal burden" because she acted diligently by requesting relief two days after learning the Witnesses would be traveling during the trial period. *See id*. at 3-4.

Second, Plaintiff asserts that a party can use a deposition for "any purpose" under Rule 32(a)(4) when a witness is unavailable. *See id*. *See id*. at 4. Here, she claims the Witnesses will be traveling away from Miami during the trial period and "no subpoena can compel them" to return to Miam to testify. *See id*. at 4-5. Finally, citing Rule 45, Plaintiff asserts that the witnesses reside 100 miles away from the Court and are beyond its trial subpoena powers, which is an independent basis for unavailability. *See id*. at 5. Because of this, Plaintiff asserts that she can only present their testimony by deposition or remote means. *See id*. 5-6. She argues that the Court should allow her to preserve testimony in a form designed for the jury rather than limiting her to transcripts of examinations that Defendant conducted for discovery. *See id*.

Defendant opposes the relief Plaintiff seeks. *See* ECF No. [86]. In the Response, it first, argues that Plaintiff cannot establish good cause to take the trial "depositions" because, according to Defendant, she (1) has known since May 13, 2026 that the case is set for trial beginning November 16, 2026; (2) had direct access to both Witnesses because they are her parents; (3) had plenty of opportunity and time to coordinate availability or preserve trial testimony during the discovery period; (4) fails to explain why they did not keep their schedules open or scheduled travel during the trial period; and (5) failed to cross-notice the Witnesses' depositions despite a fair opportunity to do so. *See id*. at 2-3. Defendant contends that the compressed schedule to take two depositions and prepare designations and counter designations is not enough time to defend the case, and would cause severe prejudice. *See id*. at 4. Defendant highlights that Plaintiff's

request is belated because she filed it three months after discovery closed and one month before trial when the pretrial deadlines are "imminent." *See id*. at 4-5.

In the Reply, Plaintiff first argues that Defendant applies the wrong standard because she seeks only to preserve trial testimony, not reopen discovery. ECF No. [90] at 1. She asserts that under Eleventh Circuit precedent, the trial court applies a totality of the circumstances test and *may* but does not *need* to apply the discovery deadline to trial depositions. *See id*. at 1-2. Plaintiff further posits that the Court has the "full authority" to grant a post hoc discovery deadline extension for good cause under this law. *See id*. at 2. Citing criminal cases, Plaintiff asserts that each of the considerations the Eleventh Circuit enumerated regarding preservation of witness testimony favors Plaintiff even in this context. *See id*. Second, Plaintiff contends she acted promptly and diligently once the witnesses became unavailable and that Defendant's assumption that the Witnesses' unavailability was foreseeable is wrong because their travel plan — not their Georgia residence — is what is leads to their unavailability and neither she nor her counsel knew of these travel plans until October 7, 2026. *See id*. Moreover, Plaintiff argues the excusable-neglect factors favor her because the delay in seeking relief is short and was outside her control; the trial date remains the same; and there is no suggestion she acted in bad faith. *See id*. at 4. Finally, Plaintiff argues that any prejudice to Defendant can be cured with a short schedule adjustment including the Court ordering the depositions be completed by a certain date and extending the deadline for deposition designations and counter designations for the two Witnesses only. *See id*. at 5. Additionally, Plaintiff argues Defendant's prejudice arguments are premature and speculative because it already knows the substance of the Witnesses' testimony, and Plaintiff will conduct the depositions on dates convenient for Defendant. *See id*. Plaintiff asserts that Defendant's point that Plaintiff can read the existing deposition transcripts into the trial record confirms that the substance of the

testimony will not prejudice it and that a transcript Defendant created through its own questions is not a good enough substitute for the Witnesses' own account presented to the jury on video. *See id*. at 5-6. As such, the jury would miss the opportunity to see and hear the Witnesses and judge their credibility in that way. *See id*. at 5-6.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16, the Court must "issue a scheduling order" and "limit the time to … complete discovery[.]" Fed. R. Civ. P. 16 (b)(1), (3). Once the Court has issued a trial scheduling order, that "schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (quotation marks omitted); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Thus, under Rule 16, a party must establish that despite its diligence, it was unable to meet the scheduling order. *See Oravec*, 527 F.3d at 1232. The moving party's failure to act diligently is the death knell to the good cause inquiry. *See id*; *see also Ewing v. Carnival Corp.*, No. 19-CV-20264, 2022 WL 14813739, *5 (S.D. Fla. Oct. 25, 2022).

Under Rule 6(b)(1), when an act may or must be done within a specified time, a court may extend the time for good cause (A) "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires" or (B) "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(1)(A)-(B). The Court considers the following factors in an excusable neglect analysis: (1) danger of prejudice to the adverse party; (2) length of the delay and its potential impact on judicial proceedings; (3) reasons for the delay including whether it was in the moving party's reasonable

control; and (4) whether the moving party acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, (1993); *see also Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015); *Radke v. NCL (Bahamas) Ltd.*, No. 19-CV-23915, 2021 WL 827008, at *2 (S.D. Fla. Mar. 4, 2021) (Bloom, J.); *Francis v. US Airways, Inc.*, No. 15-CV-80557, 2015 WL 11711831, at *2 (S.D. Fla. Dec. 16, 2015) (Bloom, J.). In an excusable neglect analysis, the Supreme Court has "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration in determining whether the district court had abused its discretion." *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

"'A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect.'" *Leibel v. NCL (Bahamas) Ltd.*, 185 F. Supp. 3d 1354, 1356 (S.D. Fla. 2016) (quoting *Payne v. C.R. Bard, Inc* , 606 F. App'x 940, 943–44 (11th Cir. 2015)); *see also Ewing*, 2022 WL 14813739 at *5 (S.D. Fla. Oct. 25, 2022) (explaining that such a "rigorous standard is necessary, as court deadlines are neither aspirational nor advisory.") (internal quotes and citation omitted).

**III. DISCUSSION**

As a preliminary matter, there is no right to a "trial deposition" separate from the "deposition" in Federal Rules of Civil Procedure 30 through 32. *See Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) (explaining that allowing "trial depositions" as a matter of course after the discovery deadline would "undermine the Court's ability to manage its docket."); *see also Radke*, 2021 WL 827008, at *2. Indeed, the Eleventh Circuit and courts in this District have found that the Rules do not, for timing purposes, distinguish between discovery and trial depositions, and while depositions are generally discovery devices, they can potentially

be used at trial. *See e.g. Valdez-Castillo v. Busch Ent. Corp.*, No. 06-CV-20772, 2009 WL 10668396, at *5 (S.D. Fla. Feb. 4, 2009). As such, despite Plaintiff's assertion to the contrary, she is requesting additional discovery less than one month before trial. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, n. 8 (11th Cir. 2002) ("[P]arties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date."). Because Plaintiff seeks to modify the Court's scheduling order to allow for additional discovery and makes this request long after the discovery deadline elapsed, she must show both good cause under Rule 16 and excusable neglect under Rule 6. *See Payne*, 606 F. App'x at 943–44; *Leibel*, 185 F. Supp. 3d at 1356; *see also Ewing*, 2022 WL 14813739 at *5; *Francis*, 2015 WL 11711831 at *2. The Court addresses each in turn.

**a. Plaintiff Fails to Show Good Cause to Amend the Scheduling Order Under Rule 16(4)(b)**

To recap, Plaintiff must show despite her diligence, she was unable to meet the discovery deadline in the scheduling order. *See Oravec*, 527 F.3d at 1232. It is undisputed that Plaintiff failed to preserve the Witnesses' testimony in the form she desires during the discovery period. The Parties, however, disagree about when diligence, or lack thereof, should be measured. Plaintiff asserts that it should be checked against the "event that created the need for relief," which would be "the [W]itnesses' trial period conflict, not their residence." *See* ECF No. [90] at 3; *see also* ECF No. [86] at 3. She argues that she learned of this conflict on October 7, 2026, and promptly contacted Defendant and filed the Motion. *See* ECF Nos. [86] at 3 and [90] at 3. Defendant contends that diligence should be measured from the outset of the litigation because Plaintiff knew since May 13, 2026 that the case is set for a two-week trial period beginning

November 16, 2026, that her parents live outside the subpoena power of the Court, and the importance of their testimony. *See* ECF No. [88] at 4-5.

The Court agrees with Defendant. Plaintiff had ample opportunity to depose the Witnesses to preserve their testimony for trial during discovery, which closed almost ninety (90) days before she filed the Motion. *See* ECF No. [86] at 3. Given that "this opportunity did exist, Plaintiff cannot establish that preserving [the Witnesses'] testimony during the original discovery period was impossible despite the diligence of the party seeking the extension." *Marquardt v. Ocean Reef Cmty. Ass'n*, No. 19-CV-10110, 2021 WL 9599449, at *6 (S.D. Fla. Apr. 8, 2021) (quotations and citation omitted). Moreover, as Defendant asserts, Plaintiff fails to explain why she could not have preserved the Witnesses' testimony during the discovery period. Plaintiff did not show that the Witnesses' purported travel conflicts were unforeseeable or could not have been addressed through timely efforts to preserve witness testimony when discovery was open. *See id*. at 4. While Plaintiff asserts that she could not raise a problem she did not know existed and had no reason to ask the Witnesses — her parents — about their travel plans, she did know that for the past 21 years, they have resided outside the Court's subpoena power. *See* ECF No. [68-2] at 12:1-10. As such, she assumed the risk that they would be unavailable for trial and should have procured their videotaped testimony while discovery was still open. *See Smith*, 302 F.R.D. at 692 ("Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial.").

Further, the Court extended the discovery deadline in this matter *four* separate times, which gave Plaintiff ample opportunity to preserve the testimony of the Witnesses' for trial. *See* ECF Nos. [30], [40], [43], and [53]. If there is no diligence, which is the touchstone of good cause, the

Court need not go through the rest of the inquiry. *See Marquardt*, 2021 WL 9599449, at *6 ("When it is clear a party failed to act diligently, the inquiry into good cause ends there."). Here, Plaintiff failed to act diligently to secure the Witnesses' testimony in the format she desires despite.

In support of her argument, Plaintiff also argues that the *Chrysler* considerations favor allowing the depositions. *See* ECF No. [86] at 3. In *Chrysler*, the Eleventh Circuit explained that "[i]n allowing or disallowing a deposition to be taken for use at trial, it is appropriate that the district court consider all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial." 280 F.3d at 1362. While Plaintiff argues that taking these two depositions will not be unfair to Defendant because it "identified, noticed, and deposed" both Witnesses, will have "a full opportunity to cross-examine" them at the deposition, and that the substance of the testimony will not be new, she fails to consider that Defendant must necessarily incur additional costs in attorney time and preparation for two additional depositions and that defense counsel will have less time to prepare for trial. *See Francis*, 2015 WL 11711831 at *2 (denying defendant's motion to take depositions for trial testimony preparation after the discovery deadline and about two months before trial, explaining "the very purpose of the Scheduling Order was to prevent [additional costs and less trial preparation time], in the interests of economy and efficiency."). Indeed, with less than three weeks left before trial and on the eve of deposition designations, Plaintiff's belated request would require Defendant to expend time and resources preparing for and defending against depositions that could and should have been taken months earlier rather than preparing for trial.

Regarding the timing, Plaintiff argues that she filed the Motion "weeks" before the November 16, 2026 two-week trial period and prior to the October 26, 2026 deposition designation deadline, and that these two additional depositions will not disturb the trial calendar. *See* ECF No.

[86] at 3. Defendant vehemently contests this, highlighting that, as of the date of Defendant's Response, the Parties only had ten days remaining to conduct the depositions and prepare designations and counter designations. *See* ECF No. [88] at 4. (This timing does not even account for the Reply and the time needed by the Court to issue a ruling). Defendant further asserts that this compressed schedule will cause "severe[]" prejudice because Defendant will not have enough time to properly defend the case and regardless, Plaintiff's request is untimely because she makes it three months after the discovery deadline and less than one month before trial. *See id*. Defendant argues that *Chrysler*'s reasoning that movant unreasonably delayed preserving a witness's testimony despite knowing his foreign location and the importance of his testimony applies here, notwithstanding Plaintiff's attempt to distinguish it. *See id*. at 5.

The Court agrees with Defendant. In *Chrysler*, the Eleventh Circuit explained that the district court can implement time limitations for taking depositions, and those can be the same as the limit for completing discovery. 280 F.3d at 1362. Indeed, the Federal Rules of Civil Procedure treat all depositions the same, and the party seeking to rely on witnesses outside the Court's subpoena power assume the risk of witness unavailability if their testimony is not preserved in a deposition. It bears repeating that "parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date." *See id*. at n. 8. Applying the *Chrysler* considerations here, the Court finds they do not favor the relief Plaintiff seeks as the request is untimely and it would unfairly force Defendant to pause trial preparations to depose two Witnesses that could and should have been deposed months ago. Even if Plaintiff acted promptly after learning of the Witnesses' unavailability due to travel, she knew

long before discovery closed that they were important eyewitnesses and should have deposed them much earlier. She assumed the risk by not doing so. *See Cossio v. Fontainebleau Fla. Hotel, LLC.*, No. 07-CV-21671, 2009 WL 10699423, at *2, *4 (S.D. Fla. June 10, 2009) ("Simply put, if a party intends to introduce deposition testimony at trial, that testimony should be preserved during the time set by the court to conduct discovery absent exceptional circumstances.") (citation omitted)).

Finally, the Court notes that Plaintiff unsuccessfully attempts to analogize depositions in the criminal context with the civil context. However, as the Eleventh Circuit has explained, depositions are generally disfavored in criminal cases because their "only authorized purpose is to preserve evidence, not to afford discovery." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (citation omitted). By contrast, in the civil context, depositions are a tool for discovery and there is no distinction between discovery and trial depositions. *See Chrysler*, 280 F.3d at n.8. For all these reasons, the Court finds Plaintiff fails to establish good cause to modify the scheduling order under Rule 16(4)(B).

**b. Plaintiff Fails to Show Excusable Neglect Under Rule 6(b)(1)(B)**

Similarly, the Court does not find excusable neglect under Rule 6(b)(1)(B). To recap, Plaintiff must show good cause ***and*** excusable neglect to deviate from the Court's scheduling order. *See Radke*, 2021 WL 827008, at *2. The Court considers the following factors in its excusable neglect analysis: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. App'x 683, 685-86 (11th Cir. 2013). The Court discusses each of these factors in turn below.

First, the Court finds there is potential prejudice to Defendant. At this point, trial is merely weeks away and granting Plaintiff's request would mean Defendant must devote time to prepare for two additional depositions rather than trial, and in an extremely truncated window because deposition designations are due days from now. This kind of herculean effort would necessarily involve Defendant not only halting trial preparation for the depositions, but also rushing to review the new transcripts and prepare designations. Further, prejudice to Defendant is not "premature and speculative" as Plaintiff claims. *See* ECF No. [90] at 5. Plaintiff's assertions that Defendant already knows the substance of the testimony from previously deposing the Witnesses cuts against her. *See id*. Not only were these two Witnesses known from the inception of the litigation, but they were also actually deposed. *See Radke*, 2021 WL 827008 at *2 (finding defendant's position that plaintiff will not be prejudiced by deposing a witness months after the discovery period closed because plaintiff disclosed the witness's identity early in litigation weighed against defendant because it could have deposed the witness while discovery was open). This shows that Plaintiff could have but did not ask the questions she now seeks to ask through these late deposition requests. Thus, this factor weighs against Plaintiff.

Next, the Court considers the length of delay and its potential impact on judicial proceedings. The length of delay here is considerable given that discovery closed months ago and the truncated window to take these depositions will likely result in the Parties requesting more time to submit their deposition designations and in turn their cross designations and objections. Even Plaintiff suggests that the Court should move the deadline for designations in the Reply. *See* ECF No. [90] at 5. But the Parties must consider that the Court also needs time to review the objections, testimony, and rule on objections prior to trial so that video depositions can be edited accordingly. Indeed, Plaintiff's poor planning, or lack thereof, is neither Defendant's nor the

Court's emergency.

Turning to the reason for the delay, including whether it was within Plaintiff's reasonable control, Plaintiff cannot establish her delay in seeking to preserve the Witnesses' testimony was reasonably outside of her control. *See Marquardt*, 2021 WL 9599449 at *7 (explaining that courts also consider whether the delay was in the moving party's reasonable control). While Plaintiff argues that she could not have raised a conflict she did not know about, the issue is whether Plaintiff "had control over the ability to timely obtain [the Witnesses'] deposition testimony, and that answer is 'yes.'" *Id*. Although Plaintiff claims she just learned the Witnesses — her parents — will be traveling during the trial period, she has known about the trial date since May, *see* ECF No. [53], and should have informed the Witnesses of it long ago. Moreover, Defendant already deposed the Witnesses and Plaintiff had the opportunity to cross examine them then to preserve their testimony for trial. *See* ECF Nos. [86] at 2, 4; [88] at 2, 4, 6, 7; and [90] at 2. If Plaintiff did not exercise that right at the time and preserve their testimony knowing the Witnesses are outside the Court's trial subpoena power, that is no one's fault other than Plaintiff's. Even so, Plaintiff will still have the opportunity to designate the Witnesses' deposition testimony for use at trial and present it to the jury. Thus, Plaintiff will not be deprived of the opportunity to call the Witnesses since they have already been deposed. *See Ewing*, 2022 WL 14813739, at *6 (denying motion to take deposition out of time for failure to establish good cause and excusable neglect, and explaining "[c]oncerning potential prejudice to [p]laintiff, his legal team can read [the witness's] trial and deposition transcripts to the jury, so this is not a situation where Plaintiff will be left without any testimony from the [witness] at trial).

Finally, Plaintiff presents only a cursory assertion regarding good faith: "nothing suggests bad faith." *See* ECF No. [90] at 4. Defendant does not explicitly address this factor in the

Response. The Court has already determined that the other three excusable neglect factors weigh against Plaintiff and a finding for Plaintiff on this factor would not tip the scales in her favor. As such, the Court finds that Plaintiff fails to show that her failure to adhere to the Court's scheduling order and take the Witnesses' depositions was due to excusable neglect.

## IV. CONCLUSION

For the reasons explained above, the Motion For Leave to Take the Trial Depositions of Willie Martin and Rachelle Bowens to Perpetuate Testimony for Use at Trial, **ECF No. [86]**, is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida on October 23, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record